UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

JAN 28 2008
1-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Jones Pardell N82358

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Richard Dick Devine

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

08CV605
JUDGE MANNING
MAGISTRATE JUDGE VALDEZ

C_____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

__X__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
         U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
         28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    Plaintiff(s):

Revised: 7/20/05

A. Name: Jones, Parnell

B. List all aliases: None

C. Prisoner identification number: N82358

D. Place of present confinement: Graham Correctional Center

E. Address: P.O Box 499 Hillsboro Ill, 62049

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Richard Dick Devine A.

　　Title: Principal (Head) State's Attorney

　　Place of Employment: 69 W. Washington St 32nd Fl Chicago Ill 60602

B. Defendant: None

　　Title: None

　　Place of Employment: None

C. Defendant: None

　　Title: None

　　Place of Employment: None

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised: 7/20/05

III. **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES ( )  NO (x)  If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES ( )  NO (X)

C. If your answer is **YES**:

1. What steps did you take?  NONE

2. What was the result?  NONE

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)  NONE

D. If your answer is NO, explain why not:

THIS IS A 1983 STEMMING FROM A HABEAS (STATE) Corpus ~~[illegible]~~ FILED IN THE ILLINOIS SUPREME COURT. RESULT NO OPINION

3

Revised: 7/20/05

E.  Is the grievance procedure now completed?  YES ( )  NO (✓)

F.  If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO (✓)

G.  If your answer is **YES**:

　　1.  What steps did you take?  NONE

　　2.  What was the result?  NONE

H.  If your answer is **NO**, explain why not:  NONE

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _None_

B. Approximate date of filing lawsuit: _None_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: _None_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _None_

F. Name of judge to whom case was assigned: _None_

G. Basic claim made: _None_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _None_

I. Approximate date of disposition: _None_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised: 7/20/05

"Malicious Prosecution"

In violation of the 14th Amendment: Due process of law and equal protection of the law.

In violation of the 4th Amendment: Illegal seizure of person.

On 5/17/91 plaintiff was taken into custody by the Chicago Police Department, Area 1-violent crimes, for the questioning of a homicide which took place in the month of March, 1991. The arrest consist of a warrantless apprehension.

On 5/18/91 Plaintiff was transported to the Chicago Cook County Jail without being told that he was charged with any alleged crimes on behalf of the Assistant State's Attorney, Patrick Walsh, on 5/17/91.

On 6/27/91, the State's Attorney's office filed charges of first degree murder, UUW by a felon, armed robbery, conspiracy to commit armed robbery, and aggravated unlawful restraint with the clerk of the circuit court.

On 7/9/91, Chief Judge Thomas R. Fitzgerald entered a termination in the instant case at issue in favor of plaintiff. That the evidence used to support the state's charging instrument was and is insufficient for probable cause to charge or try plaintiff.

Thus establishing plaintiff's liberty under the term "Go without a day". See Exhibit (A), Defendant not arraigned". Responding to the courts termination of the case in favor of plaintiff, the state placed the dead bill of indictment before trial Judge Thomas P. Durkins (court room 500), who received the bill without judicial jurisdiction (authority).

Judge Thomas P Durkins and the state's attorney office appointed plaintiff a defense attorney, Claire Hillyard, and after 3½ years, plaintiff was forced to go to trial. Defense attorney had never experienced a capital murder trial.

On 6/17/93, Plaintiff was found guilty of first degree murder and U.U.W. by a felon. Plaintiff thereafter was sentenced to 50 years in the department of corrections. Upon judgement a mittimus was issued.

Plaintiff has been detained since 5/17/91, to this date. "16 years"

Plaintiff is seekeng punitive and compenatory damages:

(A) 25 million dollars

(B) [redacted]

(C) Reversal of the 1993 conviction in case 91-CR-14397 for first degree murder and U.U.W. by a felon; and immediately released from prison.

(D) A complete expunging of his state and federal criminal records.

Plaintiff prays that his relief is granted.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 001

PEOPLE OF THE STATE OF ILLINOIS

Ex (A)

VS            NUMBER 91CR1439701

PARNELL    JONES

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

| Statute | Class | Charge |
|---|---|---|
| 38-9-1-A(1) | F | MURDER |
| 38-9-1-A(2) | F | MURDER |
| 38-9-1-A(3) | F | MURDER |
| 38-18-2-A | F | ARMED ROBBERY |
| 38-8-2(38-18-2) | F | CON (ARMED ROBBERY) |
| 38-24-1.1 | F | UNLWFUL USE WPN BY FEL |
| 38-10-3-1 | F | AGG UNLAWFUL RESTRAINT |

The following disposition(s) was/were rendered before the Honorable Judge(s):

06/28/91 IND/INFO-CLK OFFICE-PRES JUDGE          07/09/91 1701
     FITZGERALD, THOMAS R.
07/09/91 DEFENDANT NOT ARRAIGNED
     FITZGERALD, THOMAS R.
07/09/91 CASE ASSIGNED                            07/09/91 1717
     FITZGERALD, THOMAS R.
07/09/91 DEFENDANT IN CUSTODY
     DURKIN, THOMAS P.
07/09/91 PUBLIC DEFENDER APPOINTED
     DURKIN, THOMAS P.
07/09/91 CONTINUANCE BY AGREEMENT                 08/08/91
     DURKIN, THOMAS P.
08/08/91 DEFENDANT IN CUSTODY
     DURKIN, THOMAS P.
08/08/91 CONTINUANCE BY AGREEMENT                 08/23/91
     DURKIN, THOMAS P.
08/23/91 DEFENDANT IN CUSTODY
     DURKIN, THOMAS P.
08/23/91 CONTINUANCE BY AGREEMENT                 09/06/91
     DURKIN, THOMAS P.
09/06/91 DEFENDANT IN CUSTODY
     DURKIN, THOMAS P.
09/06/91 CONTINUANCE BY AGREEMENT                 09/17/91
     DURKIN, THOMAS P.

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

_____

_____

_____

_____

_____

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __23__ day of __JAN__, 20__08__

_Parnell Jones_
(Signature of plaintiff or plaintiffs)

_Jones, Parnell_
(Print name)

_N82358_
(I.D. Number)

_P.O Box 499 Hillsboro ILL 62049_
(Address)

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2179 | **DATE** | 6/12/07 |
| **CASE TITLE** | U.S. ex rel. Parnell Jones (N-82358) v. Andy Ott | | |

**DOCKET ENTRY TEXT:**

Petitioner, Parnell Jones, is granted twenty-one days from the date of this order in which either to pay the $5.00 filing fee or to file a petition for leave to proceed in forma pauperis. The clerk is directed to send the petitioner an application to proceed in forma pauperis. If the petitioner fails to comply within twenty-one days of the date of this order, the court will summarily dismiss this action.

■ [For further details see text below.]      Docketing to mail notices.



## STATEMENT

The petitioner, Parnell Jones, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 1993 conviction for murder and unlawful use of a weapon by a felon in case No. 91-CR-14397. The instant petition appears to be petitioner's second federal habeas petition, and petitioner may be required to obtain permission from the Seventh Circuit Court of Appeals before filing his petition in this court. See 28 U.S.C. § 2244(b). However, even before this Court can determine whether it has jurisdiction to address the petition currently before it, the petitioner must either pay the $5.00 filing fee or file an application to proceed *in forma pauperis*.

Although the clerk has accepted this pro se petition for a writ of habeas corpus for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, the petitioner has neither paid the $5.00 filing fee nor filed a petition for leave to proceed *in forma pauperis*. If the petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or, in the alternative, file an *in forma pauperis* application complete with a certificate from a prison official stating the amount on deposit in the prisoner's trust account. The clerk is directed to send the petitioner an in forma pauperis application. If the petitioner fails either to pay the filing fee or file a fully completed application to proceed without prepayment of costs and fees within twenty-one days, the court will summarily dismiss this action.

James B. Moran

|  | Courtroom Deputy | isk |
|---|---|---|

Page 1 of 1