# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 605 | **DATE** | February 20, 2008 |
| **CASE TITLE** | Parnell Jones (N-82358) v. Richard Dick Devine | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $ 3.80 from plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Graham Correctional Center. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff Parnell Jones is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $ 3.80. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

     Under 28 U.S.C. § 1915A(b)(1), the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff alleges that the State's Attorneys Office engaged in malicious prosecution when he was charged with and found guilty on June 17, 1993, of first degree murder and unlawful use of a weapon by a felon. He seeks money damages, reversal of his conviction, and complete expungement of his state and federal criminal records.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. . . . .

Plaintiff has not demonstrated that his criminal conviction has been reversed, expunged, or declared invalid. He may not seek money damages for his alleged unlawful conviction until such time as his conviction has been negated in some manner.

Moreover, plaintiff's claim for malicious prosecution under § 1983 must be dismissed as Illinois' state tort remedy for malicious prosecution "knocks out any constitutional theory of malicious prosecution." *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001).

Further, to the extent that the plaintiff is challenging the fact of his confinement (indeed, his prayer for relief seeks reversal of his conviction, immediate release from prison, and a "complete expungement" of his state and federal criminal records), his sole remedy is by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). *See also Savory v. Lyons*, 469 F.3d 667, 671 (7th Cir. 2006)("The sole avenue open to a prisoner challenging the fact or duration of his confinement, directly or indirectly, is habeas corpus.")(citations omitted). The court notes that plaintiff has filed two previous petitions for a writ of habeas corpus, *U.S. ex rel. Jones v. Page*, No. 97 C 3218 (N.D. Ill.), which Judge Moran dismissed on the merits on September 9, 1999; and *U.S. ex rel. Jones v. Ott*, No. 07 C 2179, which Judge Moran dismissed as successive on July 5, 2007.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).