## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 605 | **DATE** | March 20, 2008 |
| **CASE TITLE** | Parnell Jones (N-82358) v. Richard Dick Devine | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider and vacate judgment [7] is construed to be a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and is denied.

■ [For further details see text below.]  Docketing to mail notices.

### STATEMENT

Plaintiff Parnell Jones seeks to have this Court reconsider its judgment order dismissing this action pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. Judgment was entered on February 21, 2008. Plaintiff dated his motion February 29, 2008, and the Clerk of Court received Plaintiff's motion on March 6, 2008. The "mailbox rule" has been extended to motions to alter or amend judgment. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2002). It appears that Plaintiff delivered his motion to prison officials for mailing within ten business days of the entry of judgment, thus making it a timely Rule 59(e) motion.

"The only grounds for a Rule 59(e) motion ... are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment ... or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enable a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59 (e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    The Court finds that Plaintiff has failed to carry his burden. He is essentially arguing with the Court's legal reasoning. The Court has carefully considered the arguments raised in his motion. For the reasons stated in its February 20, 2008, order, the Court declines to revisit its decision to dismiss this case.

    For the foregoing reasons, Plaintiff's motion is denied. If Plaintiff wishes to appeal this dismissal, he may file a Notice of Appeal with this Court within 30 days of the entry of this order. Fed. R. App. P. 4(a)(4). If he does so, he will be liable for the $455 appellate filing fee (although he may potentially be permitted to pay this amount in installments). The Court also notes that it is possible that the Seventh Circuit may assess an additional strike based on the filing of an appeal (*i.e.*, it is possible to incur a strike at the district court level as well as at the appellate court level in a single case).